# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY CHEWNING and EDITH CHEWNING, | § § § | No. 203, 2015 |
| Defendants Below-Appellants, | § § § | |
| v. | § § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ASSIGNEE OF DEUTSCHE BANK NATIONAL TRUST COMPANY F/K/A BANKER'S TRUST COMPANY OF CALIFORNIA, N.A. AS TRUSTEE, | § § § § § § § § § | Court Below—Superior Court of the State of Delaware, C.A. No. SN06L-08-206 |
| Plaintiffs Below-Appellees. | § § § | |

Submitted: January 7, 2016[1]
Decided: February 11, 2016
Corrected: February 11, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 11th day of February 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellants, Anthony and Edith Chewning, filed this appeal from an order of the Superior Court, dated April 23, 2015, which denied

---

[1] The case originally was submitted for decision on the basis of the briefs on November 6, 2015. The necessary trial record, however, was not received until January 7, 2016.

their emergency motion to stay an eviction order. We find no merit to the Chewnings' appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that a mortgage foreclosure action was filed against the Chewnings in 2006 for property they owned located at 406 Anderson Drive in Wilmington. Despite being served with a copy of the complaint, the Chewnings failed to file an answer or otherwise respond. A default judgment was entered against them on October 18, 2006.

(3) In 2007, the Chewnings filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. On October 29, 2007, the Bankruptcy Court granted Chase's motion for relief from the automatic bankruptcy stay to allow Chase to enforce its security interest in 406 Anderson Drive through foreclosure proceedings. In May 2013, the property was sold at a Sheriff's Sale to Chase, as the high bidder. The sale was confirmed by the Superior Court on June 21, 2013. On July 18, 2013, the deed was transferred to Chase. Chase sought a writ of possession, which the Superior Court issued, after notice to the Chewnings and a hearing, on December 16, 2013. On April 10, 2015, the Chewnings were served with an eviction notice. On April 20, 2015, the Chewnings filed a package of incomprehensible documents in the Superior Court. The Superior Court

2

treated the Chewnings' documents as motion to stay the eviction, which it denied on April 23, 2015. This appeal followed.

(4) Edith Chewning filed a one-page letter on July 24, 2015, which this Court deemed to be her opening brief on appeal. The document sets forth no discernible argument contending that the Superior Court committed any error denying the Chewnings' attempt to stay their eviction from the property. The gist of the document, broadly read, seems to contend that Chase did not loan them lawful currency. The Chewnings also question the Superior Court's jurisdiction and suggest that they were denied their right to a jury trial. To the extent that the Chewnings are now attempting to offer a defense to the foreclosure action, they waived any such defenses by failing to appear and file an answer to the complaint in 2006.[2]

(5) Although this Court allows *pro se* appellants some leeway in meeting the briefing requirements of Supreme Court Rule 14, an opening brief on appeal, at the very least, must assert an argument that is capable of review.[3] The Chewnings' one-page opening brief does not set forth any argument claiming error in the Superior Court's denial of their motion to stay the eviction from the property, which was sold to Chase in 2013.

---

[2] *See Quarles v. Citicorp Trust Bank*, 2005 WL 535015, at *1 (Del. Feb. 7, 2005).

[3] *In re Hall*, 2005 WL 2473791, at *1 (Del. Aug. 26, 2005); *Yancey v. Nat'l Trust Co.*, 1998 WL 309819, at *1 (Del. May 19, 1998).

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

4